In the Matter of the Claim of KIMBERLY MORAVCIK, Respondent. GANNETT SATELLITE INFORMATION NETWORK, INC., Doing Business as PRESS & SUN-BULLETIN, Appellant; COMMISSIONER OF LABOR, Respondent. (Claim No. 1.) In the Matter of the Claim of HARRY KOWALSKI, Respondent. GANNETT SATELLITE INFORMATION NETWORK, INC., Doing Business as USA TODAY, Appellant; COMMISSIONER OF LABOR, Respondent. (Claim No. 2.) In the Matter of the Claim of KIMBERLY CANNON, Respondent. GANNETT SATELLITE INFORMATION NETWORK, INC., Doing Business as STAR-GAZETTE, Appellant; COMMISSIONER OF LABOR, Respondent. (Claim No. 3.) In the Matter of the Claim of JOHN ENGERT, Respondent. GANNETT COMPANY, INC., Doing Business as DEMOCRAT AND CHRONICLE, Appellant; COMMISSIONER OF LABOR, Respondent. (Claim No. 4.) In the Matter of the Claim of GEORGINA M. KEMP, Respondent. GANNETT COMPANY, INC., Doing Business as DEMOCRAT AND CHRONICLE, Appellant; COMMISSIONER OF LABOR, Respondent. (Claim No. 5.)
[17 NYS3d 331]—

Peters, P.J Appeals from 10 decisions of the Unemployment Insurance Appeal Board, filed January 23, 2014, January 27, 2014, January 28, 2014 and February 14, 2014, which ruled, among other things, that Gannett Satellite Information Network, Inc. and Gannett Company, Inc. are liable for additional unemployment insurance contributions based upon remuneration paid to claimants and others similarly situated.

Claimants contracted with either Gannett Satellite Information Network, Inc. or Gannett Company, Inc. to deliver newspapers and other publications pursuant to written distribution agreements. Following claimants' applications for unemployment insurance benefits, the Unemployment Insurance Appeal Board ruled that claimants were employees of either Gannett Satellite or Gannett Company, and assessed those businesses for additional unemployment insurance contributions on remuneration paid to claimants and others similarly situated. These appeals ensued.

We affirm. Upon our review of the records, we find that the indicia of control retained by Gannett Company and Gannett Satellite in the contracts with claimants are nearly identical to the relevant factors identified to establish an employment relationship in *Matter of Armison (Gannett Co., Inc.—Commissioner of Labor)* (122 AD3d 1101, 1102 [2014], *lv dismissed* 24 NY3d 1209 [2015]) and *Matter of Hunter (Gannett Co., Inc.—Commissioner of Labor)* (125 AD3d 1166, 1167 [2015]). As such, we find that substantial evidence supports the Board's decisions and they will not be disturbed (*see Matter of Race [Gannett Satellite Info. Network, Inc.—Commissioner of Labor]*, 128 AD3d 1130, 1130 [2015]; *Matter of Travis [Gannett Satellite Info. Network, Inc.—Commissioner of Labor]*, 127 AD3d 1349, 1349 [2015]; *Matter of Gager [Gannett Satellite Info. Network, Inc.—Commissioner of Labor]*, 127 AD3d 1348, 1348-1349 [2015]). We have reviewed the remaining contentions raised by Gannett Company and Gannett Satellite and find them to be unpersuasive.

McCarthy, Garry and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.